UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| JUDY L. SMITH,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-11-0196-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment noted for hearing without oral argument. (ECF No. 13, 16). Attorney Gary R. Penar represents plaintiff; Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (defendant). After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** plaintiff's motion for summary judgment and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for disability insurance benefits (DIB) on December 18, 2008, alleging disability as of November 24, 2008, due to "back and knee pain" (Tr. 107, 132). The application was denied initially and on reconsideration.

Administrative Law Judge (ALJ) James W. Sherry held a hearing on December 22, 2009 (Tr. 34-72), and issued an unfavorable decision on February 1, 2010 (Tr. 12-22). The Appeals Council denied review on March 22, 2011 (Tr. 1-5). The ALJ's February

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 1

1 2010 decision became the final decision of the Commissioner, which
2 is appealable to the district court pursuant to 42 U.S.C. §
3 405(g). Plaintiff filed this action for judicial review on May
4 17, 2011. (ECF Nos. 1 & 4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on February 17, 1957 and was 51 years old at the time of the alleged onset date. At the administrative hearing, Plaintiff testified she was married, had no children, and lived in a house with her husband (Tr. 39-40). Plaintiff completed high school and attended two years of college and special vocational training as a medical secretary (Tr. 40). She indicated she last worked as a hostess with light cleaning duties at an Applebee's Restaurant (Tr. 41). She also previously worked at a Starbucks, at the Rockwood Clinic as an urgent care receptionist, at Locating, Inc., locating underground utilities, at the North Park Racquet Club as a yoga instructor, and at a YMCA taking care of children. (Tr. 42-44). Plaintiff alleges she stopped working in November of 2008 because of severe back pain and leg pain (Tr. 41).

Plaintiff testified her back and knee pain cause her problems with activities around the house and with dressing and showering (Tr. 47-48). She stated she wears a back brace "all the time" and only takes it off at night (Tr. 52). Plaintiff indicated she has had surgery on both of her knees and that left knee replacement surgery had been discussed (Tr. 52-55). She stated that while she

1 has had physical therapy for her knees, she has not had physical
2 therapy for her back because her doctor did not feel that it would
3 be helpful (Tr. 64-65).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 3

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden

then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 5

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ determined that plaintiff meets the insured status requirements of the Act through December 31, 2013 (Tr. 12). At step one, the ALJ found plaintiff has not engaged in substantial gainful activity since November 24, 2008, the alleged onset date (Tr. 14). At step two, the ALJ found plaintiff had severe impairments of "lumbar degenerative disc disease with L4-5 facet hypertrophy and L2-3 foraminal stenosis status post fusion, and left knee degenerative joint disease status post arthroscopy" (Tr. 14). The ALJ evaluated the medical evidence of record (Tr. 14-18) and concluded, at step three, that plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P,

Regulations No. 4 (Tr. 18).  The ALJ then assessed plaintiff's RFC and determined plaintiff could perform light work (lift and carry 20 pounds occasionally and 10 pound frequently, stand and/or walk 6 hours total in an 8-hour day, sit 6 hours total in an 8-hour day, and push/pull unlimited within the lifting restriction); could occasionally climb ramps or stairs but should never climb ladders, ropes and scaffolds; could occasionally engage in balancing, stooping, crouching, kneeling, or crawling; and should avoid concentrated exposure to unprotected heights or the use of moving machinery (Tr. 19).

With respect to plaintiff's credibility, the ALJ stated that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment (Tr. 20).  At step four, the ALJ found that plaintiff is capable of performing her past relevant work as a utility clerk, receptionist, medical assistant, restaurant hostess and informal waitress (Tr. 21). Accordingly, the ALJ concluded, at step four, that plaintiff was not disabled as defined by the Act from November 24, 2008, through the date of his decision, February 1, 2010 (Tr. 22).

**ISSUES**

Plaintiff alleges the ALJ erred as follows:

1. The ALJ erred by rejecting the lay witness evidence without articulating specific reasons germane to the witness;

2. The ALJ erred at step two of the sequential evaluation process by failing to assess whether plaintiff's right hand impairment is "severe";

3.  The ALJ erred by failing to develop the record and by accepting the nonexamining physician's opinions;

4.  The ALJ formulated a RFC without following the mandatory provisions of SSR 96-8p; and

5.  The ALJ erred by finding plaintiff capable of performing her past work without performing a functional analysis of her past jobs as required by SSR 82-62 and established case law.

(ECF No. 14 at 18-29).

**DISCUSSION**

**I. Credibility**

**A. Plaintiff**

While plaintiff does not specifically challenge the ALJ's finding that plaintiff is not fully credible in this case, a review of the ALJ's determination in this regard is informative.

The ALJ indicated several reasons why plaintiff was not entirely credible. In addition to record evidence of inconsistencies in plaintiff's presentation and plaintiff's display of abnormal pain behavior, the ALJ noted evidence and concerns of plaintiff's overuse of medications, plaintiff's request for marijuana as a treatment, and plaintiff's subsequent use of marijuana (Tr. 20). Plaintiff's testimony at the administrative hearing was also contrary to the evidence of record: she testified that knee replacement surgery was not offered due to the chance of infection, but the record reflects she had little or no arthritis and no justification for knee replacement surgery; she testified that physical therapy was not prescribed for her back as her doctor did not think it would help, yet she was actually noncompliant with rehabilitation recommendations following her back surgery; and she testified she wears a back brace all day and it interferes with her ability to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 8

sit for long periods, but she was directed by her doctor to only wear the back brace at night, not during the day (Tr. 20-21). The ALJ also found plaintiff's trips out of town, a three-week vacation to Mexico in 2008, an out of town trip in June 2009, and a second trip to Mexico in October 2009, were inconsistent with her testimony of significant limitations in her activities of daily living (Tr. 21).

The ALJ's determination that plaintiff's statements were not fully credible is well supported by the evidence of record.

**B.  Lay Witness**

Plaintiff contends that the ALJ erred by not making proper credibility findings as to the testimony of plaintiff's daughter, Ms. Tessalynn Daniel. (ECF No. 14 at 18-19).

The ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), *citing* 20 C.F.R. § 404.1513(e)(2). The ALJ may not ignore or improperly reject the probative testimony of a lay witness without giving reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ indicated that Ms. Daniel's statement was carefully considered (Tr. 20). The ALJ indicated that the statement was "not found to be inconsistent" with the ALJ's RFC determination (Tr. 20). A review of Ms. Daniel's statement, however, reveals that it is, in fact, contrary to the ALJ's ultimate RFC determination in this case. While Ms. Daniel indicated that plaintiff could not sit, stand or walk for very long (Tr. 120-127) the ALJ specifically concluded that plaintiff

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 9

retained the ability to sit 6 hours total and to stand and/or walk 6 hours total in an 8-hour day (Tr. 19).  The ALJ erred by failing to provide germane reasons for his rejection of Ms. Daniel's statement in this regard.

Defendant contends that any alleged error in evaluating the lay witness testimony was harmless.[1]  (ECF No. 17 at 14-16).  However, should Ms. Daniel's statement regarding plaintiff's functioning be credited, the ALJ's RFC determination would not be consistent with the statement.  The ALJ's failure to provide germane reasons for rejecting Ms. Daniel's statement is not harmless error.

**II.  Severe Impairment**

Plaintiff next argues that the ALJ erred at step two of the sequential evaluation process by failing to assess the severity of her right hand impairment.  (ECF No. 14 at 19-22).

Plaintiff has the burden of proving that she has a severe impairment at step two of the sequential evaluation process.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912.  In order to meet this burden, Plaintiff must furnish medical and other evidence that shows that she has a severe impairment.  20 C.F.R. § 416.912(a).  The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work

---

[1] An ALJ's decision will not be reversed for errors that are harmless.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (*citing Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991)).  An error is harmless when the correction of that error would not alter the result.  *Johnson v. Shalala*, 60 F.3d 1428, 1436 n. 9 (9th Cir. 1995).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 10

activities.  An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521, 416.921.  "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs.  20 C.F.R. §§ 404.1521(b), 416.921(b).

Step two is "a de minimis screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence."  S.S.R. 85-28; *see, Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that plaintiff did not have a medically severe impairment.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Webb*, 433 F.3d at 687.

Plaintiff testified, and it is uncontested, that her right hand was severed in 1978, and, as a result, she has no feeling in the four fingers of her right hand (Tr. 45-46).  However, the ALJ did not find that plaintiff's right hand injury was a medically severe impairment, nor did the ALJ's RFC determination account for limitations stemming from the right hand impairment.  In fact, with the exception of a brief mention of prior hand surgery[2], the ALJ's decision does not discuss plaintiff's right hand impairment

---

[2]While analyzing plaintiff's credibility, the ALJ merely mentions that plaintiff "had a total of 13 surgeries over the years, including one on the right hand" (Tr. 19).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 11

(Tr. 19). Of significance, while the ALJ's step four determination found plaintiff capable of performing her past relevant light-exertion level work and her past sedentary-level work as a receptionist (Tr. 21), the vocational expert testified that if plaintiff was unable to use a keyboard, it would create a problem for obtaining a receptionist position (Tr. 69).

Plaintiff ultimately bears the burden of establishing a severe impairment. 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have impairment(s) and how severe it is during the time you say you are disabled"). The Code of Federal Regulations explains:

> [Y]ou have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairments(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. § 404.1512(a). Although it appears plaintiff's right hand impairment is a condition which may significantly limit her ability to do basic work activities, and thus pass the "de minimis" threshold of step two, plaintiff did not allege disability based on difficulty with her right hand. Nevertheless, it appears that plaintiff has limitations with her right hand, and the ALJ failed to adequately address the impairment in his decision. The Court thus finds that the ALJ erred at step two of the sequential evaluation process by failing to discuss plaintiff's right hand impairment. Accordingly, the matter shall be remanded for a new determination at step two of the sequential evaluation process.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 12

**III.  Physical Limitations**

Plaintiff also contends that the ALJ erred by rejecting the opinion of her treating physician, Antoine Tohmeh, M.D.  (ECF No. 14 at 22-26).  Plaintiff specifically complains that the ALJ erroneously rejected the opinion expressed by Dr. Tohmeh on a December 2009 disabled parking permit application form.

On December 10, 2009, Dr. Tohmeh's filled out an application for a disabled parking permit which indicated that plaintiff was temporarily limited, for a period of six months[3], and opined that plaintiff was "severely limited to walk due to arthritic, neurological, or orthopedic condition" (Tr. 502).

The ALJ determined that Dr. Tohmeh's December 2009 disabled parking permit application form was unsupported by persuasive explanations or clinical findings (Tr. 21).  In assessing plaintiff's physical residual functional capacity, the ALJ instead relied upon the opinions of state agency nonexamining physicians (Tr. 21, 377-384, 411).

While it is true that Dr. Tohmeh's opinions on the disabled parking application form are not supported by an explanation for the restrictions noted therein, the record is devoid of evidence from a treating or examining medical source regarding plaintiff's ability to walk during the relevant time period.  Given Dr. Tohmeh's December 2009 opinion, Ms. Daniel's lay witness statement regarding plaintiff's limitations which, at this juncture, has not been rejected, and the lack of medical evidence of record during

---

[3]The limitations assessed by Dr. Tohmeh would thus not meet the duration requirements of the Act (one year).  42 U.S.C. § 1382c(a)(3)(A).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 13

the relevant time period on the subject, the undersigned finds that the issue of plaintiff's ability to stand/walk should be reassessed on remand.  On remand, the ALJ shall reconsider Dr. Tohmeh's opinion stated on the temporary disabled parking permit application form and, if deemed necessary, contact Dr. Tohmeh to determine a basis for that opinion.[4]

**IV.  Step Four Determination**

Plaintiff contests the ALJ's step four determination in this case.  (ECF No. 14 at 27-29).

A claimant will be found not disabled when it is determined that she retains the RFC to perform either the actual functional demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61. "If a claimant shows that he or she cannot return to his or her previous job, the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  Therefore, the burden shifts to the ALJ to identify specific jobs existing in substantial numbers in the national economy that plaintiff can perform despite her identified limitations only after plaintiff has established a prima facie case of disability by demonstrating she cannot return

---

[4]In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 14

to her former employment. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986).

As determined above, the ALJ erred in this case by failing to provide germane reasons for rejecting Ms. Daniel's statement regarding plaintiff's limitations and by failing to adequately address plaintiff's right hand impairment. *Supra*. Accordingly, this matter must be remanded for additional proceedings.

On remand, the ALJ shall specifically address Ms. Daniel's statement and give the statement whatever weight the ALJ finds appropriate. The ALJ shall also address plaintiff's right hand impairment and make a determination regarding that impairment at step two of the sequential evaluation process. As indicated above, the ALJ shall reconsider Dr. Tohmeh's opinion stated on the temporary disabled parking permit application form and, if deemed necessary, contact Dr. Tohmeh to determine a basis for his opinion on that form. Prior to a new administrative hearing, plaintiff shall undergo a consultative physical examination. In addition, the ALJ shall elicit the testimony of a medical expert at the new administrative hearing to assist the ALJ in formulating a new physical residual functional capacity determination. Plaintiff's new RFC assessment should be presented to a vocational expert to determine if plaintiff is capable of performing any of her past relevant work or any other work existing in sufficient numbers in the national economy.

## CONCLUSION

The Court has the discretion to remand the case for additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . . - 15

benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, further development is necessary to remedy defects and for a proper determination to be made.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED, IN PART**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this order.

2. Defendant's Motion for Summary Judgment **(ECF No. 16)** is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. **Judgment shall be entered in favor of plaintiff, and the file shall be CLOSED**.

**DATED** this  16th  day of November, 2012.

> S/Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge